**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL DANIEL CUERO,
*Petitioner-Appellant*,

v.

SCOTT KERNAN,
*Respondent-Appellee.*

No. 12-55911

D.C. No.
3:08-cv-02008-
BTM-WMC

ORDER

Filed January 28, 2019

Before:  Diarmuid F. O'Scannlain, Barry G. Silverman,
and Kim McLane Wardlaw, Circuit Judges.

**SUMMARY**[*]

**Habeas Corpus**

The panel denied a petition for panel rehearing in a case in which, on remand from the Supreme Court, the panel affirmed the judgment of the district court in light of *Kernan v. Cuero*, 138 S. Ct. 4 (2017).

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Dissenting from the denial of the petition for panel rehearing, Judge Wardlaw wrote that she would have reversed in part and remanded with instructions to remand to the state court for any further consideration it deems necessary to remediate the violation of Cuero's due process rights.

## ORDER

Both Judges O'Scannlain and Silverman voted to deny Appellant's petition for panel rehearing. Judge Wardlaw votes to grant the petition for panel rehearing. Accordingly, Appellant's petition for panel rehearing is **DENIED**.

WARDLAW, Circuit Judge, dissenting:

With respect, I would grant Cuero's petition for panel rehearing. I agree with Cuero's reading of the Supreme Court's opinion in *Kernan v. Cuero*, 138 S. Ct. 4 (2017), *reh'g denied*, 138 S. Ct. 724 (2018). On remand, I would have entered an order that reversed in part and remanded with instructions to remand to the state court for any further consideration it deems necessary to remediate the violation of Cuero's due process rights. On the assumption that the parties likely will once again find themselves in state court, I write to clarify what the Supreme Court did and didn't hold in *Kernan*.

1. First, the Supreme Court left intact our panel holding that the "State violated the Constitution when it moved to amend the complaint." *Id.* at 8. In *Cuero v. Cate*, 827 F.3d 879 (9th Cir. 2016), we found that Cuero entered a binding, judicially approved plea agreement that contained a charge

bargain that resulted in an agreed maximum sentence of 14 years and 4 months. We held that the State breached this agreement in violation of Cuero's clearly established constitutional due process rights by seeking to amend the criminal complaint after the binding plea agreement was signed and judicially approved, resulting in an indeterminate 64 years to life sentence. The Supreme Court did not disturb this holding and it remains the law of the case.

2. The Supreme Court reversed only our holding that specific performance of the plea agreement, i.e. an imposition of a 14 year, 4 month sentence as originally bargained, was the required remedy. It did so because it was "unable to find in Supreme Court precedent that 'clearly established federal law' demanding specific performance as a remedy." *Kernan*, 138 S. Ct. at 8. As the Court wrote, "We decide no other issue in this case." *Id*. at 9.

3. The Supreme Court rejected Cuero's mootness argument based on his having been resentenced, stating "[r]eversal would simply 'und[o] what the *habeas corpus* court did,' namely, permit the state courts to determine in the first instance the lawfulness of a longer sentence not yet served." *Id*. at 7 (citation omitted). The Court then "remand[ed] the case for further proceedings consistent with this opinion." *Id.* at 9.

Consistency with the *Kernan* Supreme Court decision requires that any resentencing that may occur must take into account the State's breach of Cuero's plea agreement in violation of Cuero's due process rights. The state court remains free to remedy this breach by requiring specific performance of the original plea agreement. *Kernan* stands merely for the proposition that the state court is not required to do so by clearly established Supreme Court law.